**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000499
10-APR-2019
10:49 AM**

NO. CAAP-16-0000499

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SPENCER JAMES BEVILL, NANCY LYNN BEVILL, AND
BEVILL FAMILY TRUST, Plaintiffs-Appellees, v.
FRANK MAURIZIO; PHIL SCHUTTE; BEVERLY SCHUTTE;
BRUCE "SKIP" BLOUGH; MIKE PREISS; CONNIE SCHNITKER;
PETE HILL; DARREL BORLING; ASSOCIATION OF APARTMENT
OWNERS OF KE NANI KAI, an unincorporated condominium
association; THE BOARD OF DIRECTORS FOR ASSOCIATION
OF APARTMENT OWNERS OF KE NANI KAI, in their official
capacity and personally; JOHN DOES 1-100; JANE DOES 1-100;
DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100,
Defendants-Appellees,
and
MYLES T. YAMAMOTO, Real Party in Interest-Appellant
(CIVIL NO. 08-1-0293)

AND

SPENCER JAMES BEVILL, NANCY LYNN BEVILL,
AND BEVILL FAMILY TRUST, Plaintiffs-Appellees, v.
ASSOCIATION OF APARTMENT OWNERS OF KE NANI KAI;
JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS
1-100 AND DOE CORPORATIONS 1-100, Defendants-Appellees
(CIVIL NO. 12-1-0790)

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Leonard and Reifurth, JJ.)

This appeal involves an attorneys' fees dispute arising
from a civil lawsuit originally filed in the Circuit Court of the
Second Circuit ("Circuit Court")[1] in May 2008, in which the

---

[1]    The Honorable Rohonda I.L. Loo presided.

Plaintiffs Spencer James Bevill, Nancy Lynn Bevill, and the Bevill Family Trust ("Bevills" or "Plaintiffs") were represented by the law firm formerly known as Motooka, Yamamoto & Revere, LLLC ("M&Y"). Upon the conclusion of the litigation, Terrance Revere, among others, left M&Y, and formed his own firm, Revere & Associates, LLLC, which assumed sole post-trial representation of the Bevills at their request.

On April 26, 2012, M&Y filed a notice of claim of lien under Hawaii Revised Statutes ("HRS") section 507-81 in the underlying civil lawsuit against any judgment amount in favor of the Bevills. On December 16, 2013, M&Y filed amended notices of claim of lien and a motion for satisfaction of claim of lien. On January 10, 2014, the Bevills filed their first motion to compel arbitration of the fee dispute. On April 11, 2014, the Circuit Court entered an order granting in part M&Y's motion for satisfaction of claim of lien. By order dated April 17, 2014, the Circuit Court denied the Bevills' motion to compel arbitration, holding that the Bevills had failed to timely challenge M&Y's billing statements. On August 20, 2014, the court issued a further order on the motion for satisfaction of claim of lien concerning supplemental invoices and documentation, and M&Y's request for later-incurred fees and costs (together with the April 11, 2014 order, the "Lien Orders").

Following several more years of litigation, including an appeal taken to this court, *Bevill v. Schutte*, No. CAAP-14-0000778, 2015 WL 5924666 (Haw. Ct. App. Oct. 12, 2015),[2] Real Party In Interest-Appellant, Myles T. Yamamoto[3] appeals from the Circuit Court's order dated June 16, 2016 that (1) granted the Bevills' second motion to compel arbitration filed on March 29, 2016; (2) denied Yamamoto's February 26, 2016 motion to enforce the Lien Orders; and (3) denied Yamamoto's April 28, 2016 motion

---

[2]     In *Bevill*, we held that the thirty-day period in which to challenge the billing statement was not a condition precedent to arbitrate the disputed amount of attorneys' fees and costs claimed as due. Therefore, we vacated the Circuit Court's order and remanded the case for further proceedings. 2015 WL 5924666, at *9.

[3]     Yamamoto is the court-ordered substituted Real Party in Interest for the law firm formerly known as Motooka & Yamamoto, a Limited Liability Company.

2

for fees and costs incurred after July 29, 2014 (the "June 16, 2016 Order").

On appeal, Yamamoto contends that the Circuit Court erred and failed to substantially comply with *Bevill* (1) in denying his motions to enforce his statutory HRS section 507-81 attorney's lien and to award him fees and costs incurred after July 29, 2014; and (2) in granting the Bevills' motion to compel arbitration "as to matters protected by the Lien Orders."

Upon careful review of the record and briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Yamamoto's points of error as follows, and affirm the June 16, 2016 Order.

Yamamoto argues that the Lien Orders are final and enforceable judgments that continue to have legal effect and that the Bevills' second motion to compel arbitration was an impermissible attack on the merits of the Lien Orders.[4] The Bevills argue that the dispute must now be arbitrated.

"The interpretation or construction of a judgment, decree or order 'presents a question of law for the courts,'" *State v. Guyton*, 135 Hawai'i 372, 377, 351 P.3d 1138, 1143 (2015) (quoting *Cain v. Cain*, 59 Hawai'i 32, 39 575 P.2d 468, 474 (1978)), and is "reviewable de novo under the right/wrong standard of review." *Bank of Hawaii v. DeYoung*, 92 Hawai'i 347, 351, 992 P.2d 42, 46 (2000) (quoting *Ditto v. McCurdy*, 90 Hawai'i 345, 351, 978 P.2d 783, 789 (1999)) (internal quotation marks omitted). The Circuit Court's order granting the Bevills' second motion to compel is reviewed de novo. *Dines v. Pac. Ins. Co.*, 78 Hawai'i 325, 326, 893 P.2d 176, 177 (1995); *see also Shimote v. Vincent*, 80 Hawai'i 96, 99, 905 P.2d 71, 74 (App. 1995).

---

[4]     As to the denial of his motions, Yamamoto argues that: (A) he is entitled to enforce the Lien Orders because: (1) *Bevill* did not vacate, reverse or set aside the Lien Orders, rendering them final; (2) the Lien Orders are enforceable as "law of the case"; (3) the Lien Orders were enforceable under the doctrine of res judicata and (4) the doctrine of collateral attack; and, (5) *Bevill* did not effectively moot the Lien Orders; and (B) he is entitled to additional attorneys' fees, costs and service charges incurred after July 29, 2014. As to the order compelling arbitration, Yamamoto argues that (C) the use of arbitration to impeach the Lien Orders amounts to an impermissible collateral attack; and, that (D) the arbitration claim merged into the Lien Orders judgment and was extinguished as a result.

The Circuit Court was statutorily required to send the case to arbitration if there was a valid arbitration agreement and the subject of the dispute fell within that agreement. Haw. Rev. Stat. § 658A-7(2) (Supp. 2015). In *Bevill*, we held that the existence of the arbitration agreement between Yamamoto and the Bevills was undisputed by both parties and that the dispute was within the scope of the arbitration clause in the agreement. *Bevill*, 2015 WL 5924666, at *9. Thus, there was no basis upon which the Circuit Court could have denied the Bevills' second motion. "When presented with a motion to compel arbitration, the court is limited to asking two questions: 1) whether an arbitration agreement exists between the parties; and 2) if so, whether the subject matter of the dispute is arbitrable under the agreement." *Douglass v. Pflueger Hawaii Inc.*, 110 Hawaiʻi 520, 530, 135 P.3d 129, 139 (2006) (brackets omitted) (quoting *Koolau Radiology, Inc. v. Queen's Medical Center*, 73 Haw. 433, 445, 834 P.2d 1294, 1300 (1992)). "[T]here can be no trial of an action if it has been brought on a claim referable to arbitration under an agreement in writing and a party invokes his contractual right to have the dispute settled by arbitration." *Ass'n of Owners of Kukui Plaza v. Swinerton & Walberg Co.*, 68 Haw. 98, 107, 705 P.2d 28, 35 (1985) (citing Haw. Rev. Stat. §§ 658-3, -5 (1976)).

Yamamoto's arguments rest on a contention that *Bevill* rendered the Lien Orders final and no longer subject to challenge. It did not. While we noted in *Bevill* that we lacked jurisdiction to directly address the Lien Orders because the Bevill's second amended notice of appeal related back to the effective date of their original notice of appeal and was therefore untimely under Hawaiʻi Rules of Appellate Procedure Rule 4(a)(1), we had and exercised jurisdiction to address the order denying the first motion to compel arbitration, which was a condition precedent to the Lien Orders. It does not matter that the Lien Orders constituted a judgment on the merits if they were based on an order that we subsequently vacated. *C.f. Gregg Kendall & Assocs. v. Kauhi*, 53 Hawaiʻi 88, 488 P.2d 136 (1971) (reversing an order denying a motion to arbitrate and remanding the case for further proceedings despite there being a judgment

on the merits in the case).

In granting the second motion to compel arbitration on remand, the Circuit Court stated that "the entire foundation for the lien orders no longer exists and the lien orders could never have existed had arbitration been compelled." It stated that it "can not and will not enforce an order on fees" as this court had held that the dispute over fees "should have been arbitrated in the first place." Thus, although not explicitly stated, the motion to compel arbitration was treated as a Hawaiʻi Rules of Civil Procedure Rule 60(b)(5) motion to vacate the Lien Orders as those orders were based on the April 17, 2014 order denying the first motion to compel arbitration that we vacated in *Bevill*. *See Mendoza v. Mendoza*, No. CAAP-15-0000039, 2016 WL 1092217, at *3 (Haw. Ct. App. Mar. 14, 2016) ("this court may treat [a motion for reconsideration] as a HRCP Rule 60(b) motion . . . as we determine the nature of a party's motion based on the motion's substance"). The Circuit Court protected and preserved the lien itself which will be satisfied out of the settlement money that remains in its custody "pending the outcome of the arbitration."

Therefore, the June 16, 2016 Order entered in the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, April 10, 2019.


On the briefs:

Rebecca A. Copeland
for Real Party In Interest-
Appellant.

Terrance M. Revere and
Lauren C. McDowell
(Revere & Associates)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge